## Avery Scale Company, Appellee, v. Gottfried Brewing Company, Appellant.

### Gen. No. 19,937.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed November 10, 1914.

### Statement of the Case.

The Avery Scale Company, a corporation, brought action in the Municipal Court of Chicago against Gottfried Brewing Company, a corporation, to recover the contract price of an automatic coal scale, a water scale and a grain scale and other merchandise. The scales were guaranteed to work *accurately* and to keep an *accurate* and complete record of the weight of the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

specified materials passed through them when set up and operated according to printed instructions.

The principal error assigned was that the finding in favor of the plaintiff for $1,791 was against the weight of the evidence, which was reviewed by the court as follows:

Plaintiff's Wisconsin attorney, Mr. Louis G. Boehmrich, was plaintiff's main witness. He also acted as plaintiff's attorney upon the trial and examined and cross-examined certain witnesses. He testified that in May, 1912, at the request of plaintiff, he called on Mr. Carl M. Gottfried, secretary and superintendent of defendant, at defendant's plant in Chicago, and also interviewed defendant's engineer; that he presented a bill of plaintiff's account against defendant for the three scales and the merchandise and demanded payment of Mr. Gottfried; that the latter said that he had no objection to the amount of the bill, and that both Mr. Gottfried and the engineer said that the coal scale was all right. Mr. Gottfried and the engineer denied making any such statements.  *  *  *

On behalf of the defendant Mr. Gottfried testified, in substance, that the coal and water scales, from the time they were first installed never worked properly or as guarantied; that various representatives of plaintiff came to defendant's plant in the endeavor to make them work, but without success; that said scales are of no value; that right after the Christmas holidays in 1911 (which was within forty-five days after said scales had been received), he told a representative of the plaintiff that said scales had proven unsatisfactory and that they had better be removed if they could not be made to work properly; that subsequent to this conversation plaintiff sent various men to defendant's plant in the endeavor to make said scales work properly, but without success; that in August, 1912, Mr. Boehmrich made a second call on the witness; that it was then agreed that a further test of said scales should be made at a time to be fixed by

432 . APPELLATE COURTS OF ILLINOIS.

Avery Scale Co. v. Gottfried Brewing Co., 189 Ill. App. 430.

plaintiff, but that no time for such test was ever fixed by plaintiff, and that subsequently plaintiff commenced the present suit. The testimony of other witnesses for defendant tended to show that the coal scale could never be made to operate but a few hours without a breakdown; that it would not weigh mine run coal or weigh the ashes that came from the grate, and that it was not as accurate as guarantied and was of no value. The testimony of some of defendant's witnesses also tended to show that the water scales frequently failed to work, that it would not weigh water at a temperature of 220 degrees F., that the valves would not hold tight, that the machine was overrated, that it did not work properly or as accurately as guarantied, and that it was of no value. The testimony of Mr. Gottfried and other of defendant's witnesses tended to show that the grain scale would not weigh 1,500 bushels per hour, was not as accurate as guarantied, and was of no value to defendant.

From a judgment in favor of the plaintiff for $1,791, defendant appeals.

MILLER, GORHAM & WALES and MARK R. SHERMAN, for appellant.

JOHN S. HUMMER, for appellee; JAMES E. McGRATH, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 271*—*when evidence shows breach of warranty as to working of scales*. In an action to recover the contract price of scales and other merchandise, where the weight of the evidence showed that the scales failed to fulfil guaranties as contained in certain written contracts, and that they did not work properly,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and that demands were made upon the plaintiff to put them in proper condition and that plaintiff tried to do so but failed and the scales were inaccurate and without value, the evidence was *held* insufficient to sustain a finding for the plaintiff.

2. WITNESSES, § 316*—*weight to be given to testimony of attorney in case.* Little weight should be given to the testimony of 'a witness who is also the acting attorney for one of the litigants.

3. APPEAL AND ERROR, § 461*—*when a finding is against the weight of the evidence.* Where the testimony is conflicting and the evidence of plaintiff is sufficient, when considered alone, to sustain a finding of the trial court in plaintiff's favor, the Appellate Court is not bound by such finding, if the same appears to be against the weight of all the evidence.